IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40651
Summary Calendar
_____

DON WAYNE BASEY,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, Director, Texas
Department of Criminal Justice,
Institutional Division; WAYNE SCOTT,
Director, Texas Department of Criminal
Justice, Institutional Division; NORRIS,
JACKSON, Captain; MARSHALL HERKLOTZ,
Southern Regional Director; LESLIE
WOODS, Warden; ROY A. GARCIA,
Assistant Warden; B. W. RODEEN;
MONROE HOGGART, III,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-94-CV-108
- - - - - - - - - -
July 25, 1996

Before GARWOOD, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Don Wayne Basey appeals the district court's grant of

summary judgment for the defendants in his pro se, in forma

pauperis (IFP), 42 U.S.C. § 1983 action alleging that he was

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

denied due process when he was not given notice and a hearing stemming from a lockdown which was imposed on his prison unit following a race riot in which he did not participate. Basey also alleged that the duration of the imposed lockdown amounted to cruel and unusual punishment, in violation of the Eighth Amendment.

Basey has failed to identify any TDCJ policy directive or regulation as evidence of a state-created liberty interest in being given notice of the reasons for the lockdown or in being informed of the duration of the extended lockdown. See Eason v. Thaler, 73 F.3d 1322, 1326 (5th Cir. 1996). Basey cannot demonstrate that the length of the lockdown was so serious that it deprived him of some basic human need and that prison officials responsible for the duration of the lockdown were deliberately indifferent to his health or safety. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). The summary-judgment evidence amply demonstrates that the lockdown was initially imposed because of security concerns stemming from a race riot and that it was continued for Basey because his disruptive behavior also created a security concern.

AFFIRMED.